IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SARAH KELLY RAYMOND WILSON**                               **PLAINTIFF**

**V.**                                                                       **NO. 4:17-CV-124-DMB-JMV**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, JOHN DOE
CORPORATION, and VICKIE V.
REYNOLDS**                                                          **DEFENDANTS**

**ORDER**

Before the Court is State Farm Mutual Automobile Insurance Company's motion to sever, Doc. #5; Sarah Kelly Raymond Wilson's motion for extension of time, Doc. #9, and motion to remand, Doc. #13; and State Farm and Wilson's "Joint Motion of Dismissal," Doc. #20.

**I
Procedural History**

On June 28, 2017, Sarah Kelly Raymond Wilson filed a complaint in the Circuit Court of Bolivar County, First Judicial District, naming as defendants State Farm Mutual Automobile Insurance Company, John Doe Corporation, and Vickie V. Reynolds. Doc. #2. On August 17, 2017, State Farm, invoking diversity jurisdiction, removed the action to this Court. Doc. #1. In its notice of removal, State Farm maintains that complete diversity exists because Reynolds, a citizen of Mississippi like Wilson, was fraudulently or egregiously misjoined in the action; and that the amount in controversy exceeds $75,000 based on Wilson's claim for "bad faith" and demand for an unspecified amount of punitive damages. *Id.* at 2–3.

On August 18, 2017, State Farm moved to sever the claims against it from those against Reynolds. Doc. #5. Arguing that this case involves "two distinct litigable events"—a claim against Reynolds for negligence and a claim against State Farm for its handling of Wilson's

claim—State Farm asks that the claims against it remain in this Court and the claims against Reynolds be remanded to the Circuit Court of Bolivar County. Doc. #5 at 2. On September 15, 2017, Wilson moved to remand this action for lack of subject matter jurisdiction, arguing the amount-in-controversy requirement has not been met. Doc. #13. Both motions have been fully briefed.

On November 3, 2017, State Farm filed a "Joint Motion of Dismissal" signed by its counsel and Wilson's counsel.[1] Doc. #20. In the joint motion, Wilson and State Farm represent that "the parties have reached a settlement of all claims" and "request the Court enter an Order dismissing all portions of the Complaint and all claims with prejudice." *Id*.

## II
## Analysis

Because dismissing a case with prejudice is a final judgment on the merits, the question of jurisdiction must be addressed before a district court takes such an action. *Burleigh v. James*, 684 F. App'x 412, 415 (5th Cir. 2017).

State Farm contends in its notice of removal that Reynolds was fraudulently misjoined to destroy diversity jurisdiction. Doc. #1 at 4–6. The Eleventh Circuit, in *Tapscott v. MS Dealer Service Corp.*, held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076–77 (11th Cir. 2000). The *Tapscott* court reasoned that "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection with the controversy.'" *Id*. (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). In

---

[1] State Farm and Wilson are the only parties who appeared in this action. A proof of service of process on Reynolds filed pre-removal indicates she was served on July 19, 2017, *see* Doc. #8-8; but Reynolds has not responded to the complaint or otherwise appeared.

this regard, State Farm argues that Reynolds was fraudulently misjoined because Wilson's negligence claims against Reynolds have no connection with the breach of contract claims Wilson brought against State Farm. *Tapscott*'s doctrine of fraudulent misjoinder, however, remains an open question in the Fifth Circuit.

The Fifth Circuit has expressed support for the concept of misjoinder on two previous occasions but has stopped short of expressly adopting the doctrine. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) ("*Benjamin Moore I*") (citing *Tapscott* and observing that "it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction"); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630–31 (5th Cir. 2002) ("*Benjamin Moore II*") ("[W]ithout detracting from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do no reach its application in this case."). More recently, in *Crockett v. R.J. Reynolds Tobacco Co.*, the Fifth Circuit, in applying the voluntary-involuntary rule[2] for removal to "an unappealed severance, by a state court, of claims against improperly joined defendants," cited *Tapscott* in a "*Cf.*" footnote. *See* 436 F.3d 529, 533 & n.5 (5th Cir. 2006) ("[I]f … [Rule 20] requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants. *Cf. Tapscott* ….").

The majority of district courts in the Fifth Circuit, "based on *Benjamin Moore I & II* and/or *Crockett* … have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, *Tapscott*." *Palermo v. Letourneau Techs., Inc.*, 542 F.Supp.2d 499, 515 (S.D. Miss. 2008) (collecting cases). Other district courts in this circuit have declined to adopt a rule of

---

[2] Under the "judicially-created 'voluntary-involuntary' rule[,] an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett*, 436 F.3d at 532 (internal quotation marks omitted).

fraudulent misjoinder as a basis for removal. *Moore v. SmithKline Beecham Corp.*, 219 F.Supp.2d 742, 745 (N.D. Miss. 2002) ("District courts within the Fifth Circuit, … including this court have repeatedly distinguished and declined to follow *Tapscott*.") (collecting cases); *Johnson v. Glaxo Smith Kline*, 214 F.R.D. 416, 420 (S.D. Miss. 2002) ("Even if the Court were to adopt the holding of *Tapscott*, which it does not, the instant case does not present an example of fraudulent misjoinder.").

In resolving this conflict, this Court begins with the general rule that, "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns … which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citations omitted). "This principle … is particularly applicable in cases involving diversity of citizenship." *Gober v. Allstate Ins. Co.*, 855 F.Supp. 158, 160 (S.D. Miss. 1994) (collecting cases); *see Fawvor v. Texaco, Inc.*, 546 F.2d 636, 639 (5th Cir. 1977) ("[T]he rationale behind the diversity jurisdiction statute … require[s] its strict construction."). Consistent with the strict interpretation approach, district courts outside the Fifth Circuit have declined to adopt the fraudulent misjoinder rule without express guidance from the United States Supreme Court or the controlling Court of Appeals. *See, e.g., Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., Inc.*, 813 F.Supp.2d 242, 246 (D. Mass. 2011); *Madsen v. Davol, Inc.*, No. 08-2174, 2009 WL 10673086, at *2 (D. Ariz. Feb. 23, 2009); *Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, at *7–8 (D.N.J. June 30, 2010).

While the Fifth Circuit has spoken approvingly of *Tapscott* in dicta, it has never adopted or applied the rule. The United States Supreme Court, for its part, has never addressed fraudulent misjoinder or offered any indication that the doctrine represents an exception to the complete

4

diversity requirement. In the absence of clear direction from either the Fifth Circuit or the United States Supreme Court, this Court, in strictly interpreting the removal statute, declines to expand its jurisdiction to adopt the doctrine of misjoinder announced in *Tapscott*. Accordingly, the Court finds that diversity of citizenship does not exist in this case because both Wilson and Reynolds are citizens of Mississippi. Having found the absence of subject matter jurisdiction because complete diversity of the parties is lacking, the Court declines to address the issue of amount in controversy. *See* 28 U.S.C. § 1332 (requiring complete diversity *and* amount in controversy exceeding $75,000 to establish jurisdiction).

### III
### Conclusion

For the reasons above, the parties' joint motion to dismiss all claims with prejudice [20] is **DENIED** and this case is **REMANDED** to the Circuit Court of Bolivar County, First Judicial District. All remaining motions [5][9][13] are **DENIED as moot**.

**SO ORDERED**, this 28th day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**